# EX. A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VISTA PEAK VENTURES, LLC, § <br>                                       § <br>     Plaintiff,                  § <br>                                       § <br> v.                                   § <br>                                       § <br> JAPAN DISPLAY INC.,   § <br>     Defendant.            § | C.A. NOS. <br> 2:19-cv-00323-JRG; -00324; -00325 <br><br><br> JURY TRIAL DEMANDED |

**DECLARATION OF HILARY L. PRESTON IN SUPPORT OF DEFENDANT JAPAN DISPLAY INC.'S OPPOSITION TO VISTA PEAK VENTURES, LLC'S <u>MOTION TO COMPEL DISCOVERY FROM DEFENDANT</u>**

I, Hilary L. Preston, hereby declare under penalty of perjury that, to the best of my knowledge, the following statements are true and correct:

1. I am a partner of Vinson & Elkins LLP ("V&E") and counsel to Japan Display Inc.

2. I submit this declaration in support of Defendant Japan Display Inc.'s ("JDI") Opposition to Vista Peak Ventures, LLC's ("VPV") Motion to Compel Discovery from Defendant.

3. I have personal knowledge of the facts provided in this declaration and can and will testify competently to them if called upon to do so.

4. On January 14, 2020, VPV served its Preliminary Infringement Contentions (PICs) on JDI listing 115 Accused Products and "all other substantially similar models."

5. The PICs include claim charts for only three representative products.

6. The PICs state that "[b]ased on publicly available information and Plaintiff's reverse engineering efforts, each of the respective Accused Instrumentalities infringe the asserted claims of the patents-in-suit in the same or substantially similar manner," and "[t]he attached claim charts are . . . representative of . . . the Accused Instrumentalities for each of the patents-in-suit."

US 7131906

7. The PICs do not (1) explain which charted product is representative of which uncharted products; (2) identify which patent each uncharted product is alleged to infringe; or (3) identify which specific claims each uncharted product is alleged to infringe.

8. Nevertheless, JDI searched for sales records for each of the 115 specifically listed Accused Products since April 1, 2013 revealing sales of only 76 of the Accused Products.

9. JDI has produced relevant documents regarding these 76 Accused Products.

10. JDI has produced a spreadsheet detailing each of these sales of the 76 Accused Products at JDI0051972, which includes, among other data, the model number associated with each such sale. The time period covered by this spreadsheet is April 1, 2013 – December 31, 2019. JDI is in the process of gathering 2020 sales information and will produce as soon as it is available.

11. JDI0051972 contains more than 100 columns of data for over 10,000 individual sales, resulting in over 1 million cells of data.

12. On an April 30, 2020 meet and confer with VPV's counsel, JDI's counsel identified JDI0051972 as containing information relevant to many of VPV's sales-related requests for production and asked that VPV review the spreadsheet to identify any missing categories of information. To date, VPV has not made any such identification.

13. On March 11, 2020, JDI made available for inspection highly sensitive Graphic Data System ("GDS") design layout files related to the Accused Products under the source code provisions of the Protective Order entered in these cases (Dkt. No. 32) (the "Source Code Production") at V&E's Dallas office (2001 Ross Avenue), which is approximately one block from VPV's counsel's Dallas office (2200 Ross Avenue).

14. VPV chose not to review the Source Code Production at V&E's Dallas office.

15. On April 29, 2020, VPV requested, as an alternative to an in-person review at

V&E's Dallas office, that JDI bring the Source Code Production to VPV's counsel's office instead.

16. JDI accepted that request the following day, and brought the Source Code Production to VPV at its requested date, May 4, whereupon VPV reviewed the Source Code Production for approximately 188 minutes, or just over 3 hours.

17. On May 11, 2020, VPV sent JDI a letter outlining alleged deficiencies in the Source Code Production, which JDI began investigating.

18. On May 19, 2020, VPV emailed JDI regarding its intention to file a motion to compel on May 22, 2020 concerning the Source Code Production.

19. On May 20, 2020, JDI responded that it was investigating VPV's complaints regarding the Source Code Production and requested VPV's availability for a meet and confer as required by the Discovery Order entered in these cases (Dkt. No. 29, "Discovery Order").

20. On May 22, 2020, VPV denied that request and filed the instant Motion.

21. Contemporaneously with the Motion, VPV served its Interrogatory No. 23, which requests, in relevant part: "For each Accused Product, identify the specific GDS file(s), layer definition file(s) (i.e., the PowerPoint and Excel files JDI produced as source code), control plans, process flows/diagrams/specifications, design review manuals and repositories, circuit schematic files, standard operating procedures, quality control documents, and testing and characterization documents related to and describing, on a step-by-step basis, the fabrication processes that occur in the manufacturing flow of the LCD (including those showing the physical features of, but not limited to, the active and color filter substrates and inter-substrate spacers), and BOM document(s) that correlate to as-sold version(s) of the Accused Product." JDI's response is due June 22, 2020.

22. JDI's investigation of VPV's complaints regarding the Source Code Production revealed that of the 63 produced GDS files: (1) one GDS file was apparently corrupted during

transfer; (2) two relevant GDS files had been inadvertently omitted; and (3) five of the GDS files were missing some information describing additional structure.

23.  On June 8, 2020, JDI made available a supplemental Source Code Production rectifying these issues, along with the requested "layer definition" information, some of which does not exist in the ordinary course of business and was created specifically to accommodate VPV's request. JDI also provided VPV a chart correlating the GDS files and layer information to the Accused Products by model number.

24.  JDI has produced over 57,000 pages across eight volumes: December 13, 2019; March 10, 2020; April 1, 2020; May 15, 2020; May 20, 2020; May 22, 2020; and June 8, 2020.

25.  On April 1, 2020, JDI produced, among other documents, dozens of "bill of materials," including, but not limited to, JDI0050328, JDI0050338, JDI0050362, JDI0050397, JDI0050439, JDI0050467, JDI0050489, JDI0050524, JDI0050570, and JDI0050601.

26.  On May 22, 2020 at approximately 1:05 PM Central, JDI produced over 400 documents describing process flows and specifications for the Accused Products.

27.  V&E's computer system shows that the May 22, 2020 production was not accessed or downloaded by an external user until May 25, 2020:



28. The Internet Protocol ("IP") addresses in the above screenshot have been redacted for security. Howard Lim and Erik Shallman are associates with Vinson & Elkins LLP. The May 23, 2020, 7:36 AM access from Dallas, TX was an IP address assigned to Erik Shallman.

29. With respect to JDI's licenses with third parties that VPV seeks, JDI has previously advised VPV that it is in the process of working through the necessary notice and consent provisions of relevant licenses with third parties, and has produced numerous relevant licenses. *See* JDI0057526-JDI0057861. JDI will supplement its production of licenses as necessary.

30. JDI has produced relevant agreements with its exclusive distributor in the Americas, non-party JDI Display America, Inc. ("JDIDA"). *See, e.g.*, JDI0052415-JDI0052437.

31. In response to VPV's subpoena, JDIDA has also produced relevant agreements, as well as information regarding its sales of Accused Products.

32. On May 28, 2020, VPV deposed JDIDA, and elicited testimony regarding those agreements, sales of the Accused Products in the United States, and the process by which JDI's products are sold into the United States.

33. Given the Discovery Order's limitation on exhibits to five pages, JDI has not attached to this declaration all of the supporting documents, but JDI is prepared to submit any of the above-referenced documents, if useful to the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 8th day of June, 2020, in Austin, Texas.

*/s/ Hilary L. Preston*
Hilary L. Preston.
